MAX MOYERS, ADMINISTRATOR, v. COLUMBUS BANKING AND
INSURANCE COMPANY.

1. PRACTICE.   Instructions.   Refusal of, where two similar.
This court will not reverse a case because the lower court grants one instruc-
tion and refuses another similar, but slightly different and somewhat more
favorable to the party asking it, if it is manifest that no other result would
have been reached had the instruction been given.

2. SAME.   Instruction.   Modification of.   Case in judgment.
A plaintiff asked a certain instruction authorizing a verdict for him in a cer-
tain state of case.  The court modified it by adding, "unless the jury believe
from the evidence the facts stated in the instructions for the defendant."  The
instructions referred to were correct.  Held, that the sole effect of this modi-
fication was to call the attention of the jury, perhaps unnecessarily, to the
defendant's instructions, but in itself is not sufficient to cause a reversal of
the case.

APPEAL from the Circuit Court of Washington County.
HON. J. H. WYNN, Judge.

On January 23, 1883, H. Krasnopolski insured against loss by fire
for one year a certain stock of goods for three thousand dollars, with
the Columbus Banking and Insurance Company. The policy of in-
surance contained the following condition : " All fraud, or attempt at
fraud, by false swearing or otherwise, shall forfeit all claims on this
company, and shall be a complete bar to any recovery for loss under
this policy." On March 18, 1883, the stock of goods was burned.
The company having refused to pay for the same, Krasnopolski,
after having furnished proof of loss, brought this action to recover
the value of his goods. The company defended on the ground
that the plaintiff had falsely and fraudulently overestimated the
value of the goods in the proof of loss which was sworn to by
him. Much evidence was taken on the trial on this point.

The sixth instruction given for the plaintiff was as follows :

" 6. The court instructs the jury that if they believe from the
evidence that the plaintiff, H. Krasnopolski, overvalued the
amount of his loss in his sworn proof of loss, or otherwise, and
that such overestimation was excessive, the defendant cannot defeat

his recovery of his actual loss unless they believe further, from all the evidence in the case, that such overvaluation was made knowingly and willfully, for the purpose of obtaining from defendant more than he was justly entitled to, or for the purpose of defrauding defendant."

The plaintiff asked the following instruction :

" 2. The court further instructs the jury that it is only necessary for the plaintiff to establish by a preponderance of the evidence in the cause the amount of his loss by fire; and that before the defendants are entitled to any reduction of the amount of the insurance named in the policy, they must believe from a preponderance of the evidence that the plaintiff did not lose the amount of goods claimed, or that he did not have four thousand dollars at the time they were burned."

The court modified this instruction by adding, " unless the jury believe from the evidence the facts stated in the instructions for the defendant, in which case they will find for the defendant."

The plaintiff in his seventh instruction asked the following, which the court refused :

" 7. The court further instructs the jury that the defendant having chosen to rest his defense on the ground of fraud and false swearing in making his proof of loss, that then it is incumbent upon the defendant to show such false swearing and overvaluation by a preponderance of all the evidence in the cause upon that issue."

The jury found for the defendant. Max Moyers, administrator of the estate of H. Krasnopolski, then deceased, took this appeal.

*Miller, Smith & Hirsh,* for the appellant.

The plaintiff, of course, always denied that there was any false swearing at any time. He was clearly entitled to the instruction that if he did overvalue his stock, that did not vitiate the policy, unless his purpose was to claim or collect more than was due, or otherwise to defraud the insurance company.

It is the attempted fraud, the false swearing with intent to defraud, that vitiates the policy, nothing more and nothing less.

By the modification of plaintiff's second instruction the court

required the jury to find against the claim, even without believing that an overvaluation was made with intent to defraud the defendant.

The whole effect of the instructions was not to make the defense clearly to depend on a fraudulent intent if the jury should believe that there was an overvaluation.   In support of our views, if support be needed, we respectfully refer the court to Wood on Fire Insurance 744, 745, 746, and note, and cases there cited.

*W. A. Percy,* for the appellee.

The sixth instruction given for appellant entirely obviates all objection, if there were any, to the court's modification of his second instruction.

But that instruction was properly modified.   As asked by appellant, it entirely ignored the real issue before the jury, to wit, the attempt to defraud by false swearing.   The modification by the court simply made the instruction apply to that issue.

The instructions given for appellee state the law correctly as applicable to the issue.

COOPER, C. J., delivered the opinion of the court.

It would have been more satisfactory if the court below had given the seventh instruction asked by the plaintiff, which it refused outright, and had not modified the second, as was done.   But the sixth instruction given for the plaintiff distinctly informed the jury that he was entitled to recover unless, from all the evidence in the case, they believed that the assured overvalued his goods, " knowingly and willfully, for the purpose of obtaining from the defendant more than he was entitled to, or for the purpose of otherwise defrauding the defendant."   That the jury did believe this from " all the evidence " is shown by the verdict, and if they did so believe, it is manifest that no other result would have followed if the seventh instruction had been given.   Where a great number of instructions are asked by a party, with shades of difference in the rules announced by them, and one is given and another slightly different and more favorable to him is refused, it ought at least to probably appear that injury may have been done to warrant a re-

versal. By the subtle trained mind of the lawyer nice distinctions may be clearly appreciated, but to the plain, common sense of the average juror, which is appealed to by our laws for decisions of fact, it is more than doubtful if a distinction would appear between the instruction given and that refused, which on the clearly defined issue presented in this case would have carried the verdict on one instruction for the defendant, and on the other for the plaintiff. *Moye* v. *Herndon,* 30 Miss. 110.

The second instruction seems to us to have been correct as asked, and not wrong as given. The sole effect of the modification made was to direct the attention of the jury, and perhaps unnecessarily, to the instructions given for the defendant. On the whole case, however, we perceive no error necessitating a reversal.

*The judgment is affirmed.*